IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROD W. BOWDEN,

        **Plaintiff,**

vs.                                                          CIV No. 98-816 JP/JHG

WESLEY D. KORTEUM and
DAVID KORTEUM,

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

Plaintiff's Motion to Amend Complaint was filed March 15, 1999. On May 6, 1999, the Honorable Joe H. Galvan, United States Magistrate Judge, held a hearing on the motion at which Plaintiff was represented by Nathan Mann, Esq. and Defendants were represented by Dale Rugge, Esq. Having considered the pleadings, arguments of counsel and relevant law, Judge Galvan recommended that the motion be **DENIED.** The court has reviewed Judge Galvan's recommendation and agrees it should be adopted.

This action arises out of a motor vehicle collision which occurred on July 21, 1995, in Albuquerque, New Mexico. Plaintiff seeks to amend his complaint to join Defendants' liability insurance carrier, California Casualty Insurance Company, as a party defendant. Plaintiff bases his request to amend on a recent New Mexico Supreme Court case, *Raskob v. Sanchez,* 126 N.M. 394, 970 P.2d 580 (1998). Defendants respond that the amendment would be futile, cause undue delay, and prejudice them. Defendants contend that Arizona law applies and Arizona is not a

direct action state.  Defendants' also argue that amendment would unduly complicate this case.  Plaintiff replies that the motion is timely, the New Mexico Financial Responsibility Act applies to non-residents, and the insurance policy states that the insurer would comply with out-of-state law.

After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse party.  *See* Fed.R.Civ.P. 15(a).  Rule 15(a) states that "leave shall be freely given when justice so requires." *Id.*  However, if the court determines there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave may be denied.  *Foman v. Davis,* 371 U.S. 178 (1962).  Thus, the court must perform a balancing analysis in assessing a motion to amend.

This case was filed on July 7, 1998.  The deadline for completing discovery is June 30, 1999.  Plaintiff has not previously amended his complaint.  Trial has not been scheduled.  Under these circumstances, the motion to amend is timely.  Substantial time remains to complete discovery and the joining of the liability insurance company as a party would not require a great deal of additional discovery.  Defendants would not be unduly prejudiced.  Thus, it is necessary to address the issue of whether the proposed amendment would be futile.

In *Raskob*, the New Mexico Supreme Court observed that where insurance is required by law for the benefit of the public, a liability insurance company is generally a proper party.  Joinder is permitted if the insurance coverage was mandated by law and benefits the public, and joinder is not prohibited by an expressed intention to deny it.  *Raskob v. Sanchez,* 126 N.M. at 395, 970 P.2d at 581.  The New Mexico Supreme Court found that compulsory liability insurance under the NMFRA is intended to bestow a benefit on the general public and that there is no expressed

2

bar to joining the carrier that provides the insurance. *Id.* Thus, the New Mexico Supreme Court held that the NMFRA manifests an intent that an automobile liability insurance carrier which issues a policy in accordance with the NMFRA may be joined as a proper party. *Id.*

The question in this case is whether the rationale of *Raskob* extends to an insurance company which issued an automobile liability insurance policy to an insured, residing in a non-joinder state, whose insured vehicle was involved in an accident that occurred in New Mexico. As an initial matter, I note that it is far from clear whether the facts of this case satisfy the first requirement of *Raskob*'s three-pronged test regarding permissibility of joinder: that the insurance coverage be mandated by law. *Id.* at 395, 970 P.2d at 581. It seems doubtful that the New Mexico legislature could lawfully require nonresident vehicle owners and drivers to comply with New Mexico statutes regarding financial responsibility. In addition, constitutional issues of state sovereignty and restriction of interstate commerce aside, the Mandatory Financial Responsibility Act ("MFRA") itself provides uneven guidance as to its applicability to nonresidents. The expressed purpose of the MFRA "is to require *residents of New Mexico* who own and operate motor vehicles upon the highways of the state either to have the ability to respond in damages to accidents . . . or to obtain a motor vehicle insurance policy." NMSA 1978, § 66-5-201.1 (emphasis added).[1] Section 66-5-212A purports to apply to nonresidents, stating "When a nonresident's operating privilege is suspended under the [MFRA] . . . ." However, the MFRA does not specify a procedure whereby a nonresident's operating privilege may be suspended. Consequently, the MFRA's stated purpose and provisions make its application to out-of-state

---

[1] Although Section 66-5-201.1 was amended in 1998, the quoted language has remained unchanged since 1983 and was in effect at the time of the traffic accident in this case.

vehicle owners and drivers highly doubtful.

Even if it is assumed that the MFRA could apply to nonresidents, the result would be no different under the facts of this case. Although the rights and liabilities of persons injured in automobile accidents are determined by the laws of the state where the accident occurred, *State Farm Ins. Co. v. Ovtiz,* 117 N.M. 547, 549, 873 P.2d 979, 981 (1994), the judicial policy of New Mexico is to interpret insurance contracts according to the law of the place where the contract was executed. *Shope v. State Farm Ins. Co.,* 122 N.M. 398, 401, 925 P.2d 515, 519 (1996).

In this case, the motor vehicle accident occurred in New Mexico. California Casualty Insurance Company issued the automobile liability insurance policy covering the Defendants' vehicle, which was involved in the accident, in Arizona to the Defendants who reside in Arizona. Arizona law does not permit a direct action against the insurer. California Casualty's contingent liability arises solely from its contractual obligations set forth in the policy. Applying New Mexico's choice of law rule that the law of the place of execution governs the interpretation of a contract, this court concludes that Arizona law would govern the interpretation of California Casualty's insurance policy issued to the Defendants and would preclude a direct action against California Casualty.

Under New Mexico law, in order to overcome New Mexico's rule favoring application of the law of the place of execution of a contract, there must be a countervailing New Mexico interest that is fundamental and separate from general judicial policies of contract interpretation. *Shope,* 122 N.M. at 400, 925 P.2d at 517. In *Shope,* New Mexico's judicial policy promoting the stacking of uninsured motorist coverages was not sufficient to overcome the choice of law rule regarding the place of execution of contracts. Similarly, in this case, the *Raskob* ruling does not

qualify as a countervailing interest that is fundamental and separate from general policies of contract interpretation. The *Raskob* holding does not override the New Mexico conflicts of laws rule favoring the application of the law of the place of execution of a contract. Therefore, Arizona law would apply to interpretation of the insurance contract which gives rise to any liability on the part of California Casualty. Because Arizona is a non-joinder state, California Casualty would not be a proper party under Arizona law. Hence, the motion to amend should be denied as futile.

    IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend Complaint is DENIED.

*/s/ James A. Parker*
**UNITED STATES DISTRICT JUDGE**